UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andres Marrero Gonzalez

    v.                                    Civil No. 23-cv-436-SE-AJ

FCI Berlin, Warden

## REPORT AND RECOMMENDATION

Andres Marrero Gonzalez ("Gonzalez"), a federal prisoner proceeding pro se in this case, filed this petition pursuant to 28 U.S.C. § 2241 when he was at FCI Berlin,[1] seeking reinstatement of credits under the First Step Act ("FSA") and immediate transfer to a Residential Reentry Center.  The Warden has moved to dismiss, or in the alternative, for summary judgment (Doc. No. 3), because Gonzalez is the subject of a final order of removal, and because the petitioner failed to exhaust Federal Bureau of Prisons ("BOP") remedies before he filed this petition.  The petitioner objects (Doc. Nos. 6, 9).  For the following reasons, the district judge should grant summary judgment in the Warden's favor.[2]

---

[1] Gonzalez is presently held at FCI Oakdale II in Louisiana. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 7, 2024).

[2] The Warden expressly seeks dismissal under Fed. R. Civ. P. 12(b)(6), or, in the alternative, summary judgment under Fed. R. Civ. P. 56 (Doc. No. 3).  The court applies the Rule 56 standard in considering that motion.

**Legal Standard**

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This court may adjudicate claims alleging that the BOP has unlawfully failed to apply a prisoner's sentence credits or that the BOP has unlawfully delayed a person's transfer to a community-based custodial setting. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015). Petitioner bears the burden of proving that his continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

Summary judgment is appropriate in habeas proceedings when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 WL 21228520, at *3, 2003 U.S. Dist. LEXIS 8955, at *8-9 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007); see also Gattineri v. Wynn MA, LLC, 93 F.4th 505, 509 (1st Cir. 2024) (citing Fed. R. Civ. P. 56(a)). A genuine factual dispute exists if "the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party," and a material fact is one "that has the potential of affecting the outcome of the case." Hamdallah v.

2

CPC Carolina PR, LLC, 91 F.4th 1, 16 (1st Cir. 2024) (internal quotation marks omitted). In making that determination, the court draws all reasonable inferences in favor of the nonmoving party from properly supported facts in the record. Lech v. von Goeler, 92 F.4th 56, 64 (1st Cir. 2024). The court must determine whether the moving party has shown that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## Background

The following facts are undisputed, except as otherwise noted. Gonzalez is a federal prisoner who was born in Cuba. He is serving a 210-month sentence following a conviction for violating 18 U.S.C. § 922(g) (possession of firearm by a convicted felon). The BOP projects Gonzalez's release date to be a date in 2026.[3]

Gonzalez claims that he has earned more than two years of FSA time credits. If those credits were applied to his sentence, he claims, he should already be in prerelease custody.

---

[3] The BOP Inmate Locator currently projects Gonzalez's release date to be April 30, 2026. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 6, 2024). BOP records filed as an exhibit to the Warden's motion for summary judgment, project that date to be March 20, 2026. See BOP Sentence Monitoring Data (Doc. No. 3-3, at 1). The record does not suggest any reason for that discrepancy, and this court expresses no opinion in this case regarding which date is correct, as that issue is not pertinent to the disposition of this petition or the motion before this court.

3

Exhibits attached to the Warden's motion for summary judgment show that Gonzalez is the subject of a final order of removal issued by an immigration judge on March 27, 2000. The March 2000 removal order states that Gonzalez is ordered removed from the United States to Cuba. Doc. No. 3-5. There is no evidence before this court showing that the removal order has ever been reversed on appealed, rescinded, revoked, or otherwise officially invalidated.

Gonzalez filed this § 2241 petition after receiving notice that the BOP considers him to be ineligible to have FSA time credits applied to his sentence because of his final order of removal. Gonzalez claims that he remains eligible because he has been admitted to the United States, and Cuba will not take him back.

The Warden filed a reply (Doc. No. 7), which asserts that with the normalization of Cuba-United States relations, Cuba has begun to accept Cuban nationals for repatriation. Gonzalez filed a surreply, in which he disputes the Warden's conclusion, contending that he remains "in no way deportable." Doc. No. 9.

## Discussion

I. FSA

The FSA permits eligible prisoners to earn time credits to shorten their terms of imprisonment or increase the time they

4

spend in prerelease custody (in a halfway house or home confinement), if they successfully participate in certain programs aimed at reducing recidivism or otherwise engage in productive activities while incarcerated. See 18 U.S.C. § 3632(d)(4)(A), (C); see also 18 U.S.C. § 3624(g)(1)-(2).

But not all prisoners can apply their sentence credits. Pertinent here is the FSA's exception for non-citizen prisoners with final orders of removal. The FSA provides, in pertinent part, as follows:

> A prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . .

18 U.S.C. § 3632(d)(4)(E)(i).

The Warden moves for summary judgment in this case, arguing that under § 3632(d)(4)(E)(i), Gonzalez's FSA time credits cannot be applied because he is the subject of a final order of removal.[4] Without disputing the underlying fact that an immigration judge, in March 2000, issued a final order of removal with his name on it, Gonzalez argues that, because he is

---

[4] The Warden further contends that Gonzalez failed to exhaust his administrative remedies before filing his petition. The court does not address that exhaustion argument because it finds that the Warden is entitled to summary judgment on another basis.

a Cuban national who was admitted or paroled into the United States, his final removal order is effectively void.[5]

## Discussion

This case does not turn on the status of diplomatic relations between Cuba and the United States, or on the ability of ICE to execute Gonzalez's removal order.  The FSA, in pertinent part, does not treat prisoners who are not U.S. citizens differently from one another, depending on their nationality, the status of any diplomatic relations, or their prospects for adjustment of status, repatriation, or withholding of removal.  Gonzalez is the subject of a March 2000 final order of removal, and nothing in the record suggests that his removal order has been reopened, reconsidered, or cancelled, or that the order of removal is otherwise no longer "final" under the immigration laws of the United States.

The petitioner cites the Cuban Adjustment Act ("CAA"), Pub. L. 89-732, 80 Stat. 1161 (1966); his status as a Cuban who has been admitted or paroled into the United States; as well as BOP Program Statement 8120.02, all of which he asserts show that his

---

[5] This court expresses no opinion regarding whether Gonzalez is likely to be deported and repatriated upon his release from BOP custody, as that issue is not properly resolved upon the record before this court and is not necessary for a ruling on the motion for summary judgment or any claim in the § 2241 petition.

removal order is essentially void. As to his arguments about the CAA and his admission or parole into the United States, such facts are not material for purposes of the FSA. See Giang Van Doan v. FCI Berlin Warden, No. 23-cv-183-LM-AJ, 2024 WL 1095894, at *4, 2024 U.S. Dist. LEXIS 45135, at *8 (D.N.H. Feb. 21, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal."), R&R approved, 2024 WL 1093756, 2024 U.S. Dist. LEXIS 43855 (D.N.H. Mar. 13, 2024); see also Jimenez v. Warden, FCI Fort Dix, No. CV 24-773 (KMW), 2024 WL 3568714, at *1, 2024 U.S. Dist. LEXIS 133553, at *3 (D.N.J. July 26, 2024) ("That Petitioner was also granted immigration relief . . . under the CAT [Convention Against Torture] does not change the fact that he has received a final order of removal." (citing Nasrallah v. Barr, 590 U.S. 573, 582 (2020) (order granting relief under CAT "does not disturb the final order of removal" as person granted such relief still may be removed to another country where he or she is not likely to be tortured)).

    The BOP Program Statement Gonzalez cites in his objection to the motion for summary judgment -- PS 8120.02 (issued in July 1999), as well as its more recent iteration, PS 8120.03 (issued in February 2017) -- also provides no grounds for granting relief on the § 2241 petition. Those Program Statements concern

7

BOP's policies and regulations regarding the Federal Prison Industries ("FPI") program,[6] not prisoner eligibility for the application of FSA time credits. The latter type of prisoner eligibility is governed by the FSA, 18 U.S.C. § 3632(d)(4)(E)(i). And the plain language of that statute makes all sentenced non-U.S. citizens ineligible for the application of FSA time credits, without exception, if they are "the subject of a final order of removal under any provision of the immigration laws." Id. There is no genuine dispute as to the existence of such a final order of removal in Gonzalez's case, and judgment as a matter of law is thus warranted on his § 2241 petition.

### Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 3), and then the clerk should enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The objection period may be extended upon motion. Only those issues

---

[6] Buried in those Program Statements is a statement of BOP policy, allowing Cuban prisoners with final removal orders to be assigned to FPI workplaces, because "[i]t has been determined that Cubans . . . cannot be removed from the United States . . . ." See, e.g., BOP PS 8120.03 (Feb. 23, 2017), at 24, https://www.bop.gov/resources/policy_and_forms.jsp (last visited Aug. 7, 2024).

raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 7, 2024

cc: Andres Marrero Gonzalez, pro se
    Terry L. Ollila, Esq.